# JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00169-CJC(ANx)                    Date:  April 4, 2014

Title: <u>KIMBERLY DRIESEN V. ECO CONSTRUCTION & MAINTENANCE LLC</u>

PRESENT:

### **HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                    <u>    N/A    </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Kimberly Driesen filed this wage-and-hour action in Orange County Superior Court on December 5, 2013 against Defendant Eco Construction & Maintenance LLC ("Eco").  (Dkt. No. 1 ["Notice of Removal"] ¶ 1.)[1]  Eco removed the action to this Court on February 6, 2014 on the basis of diversity jurisdiction.  (*See* Notice of Removal.)  Eco asserts that the parties are citizens of different states and the amount in controversy exceeds $75,000.  (*Id.*)  For the reasons discussed below, the Court, on its own motion, **REMANDS** this action to Orange County Superior Court.

Whether subject matter jurisdiction exists may be raised by the Court at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.

---

[1]  A second defendant, PBS of Central Florida, Inc., was dismissed with prejudice on December 23, 2013.  (Notice of Removal ¶ 1.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00169-CJC(ANx)                    Date: April 4, 2014
                                                   Page 2

---

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Where, as here, the complaint does not specify the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699 (9th Cir. 2007).  If it is not "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation marks and citation omitted).

Defendants have not established either requirement for diversity jurisdiction.  As to the first requirement, Eco asserts that it is a Florida citizen because it is incorporated and has its principal place of business in that state.  (Notice of Removal ¶ 7.)  But it appears that Eco is a limited liability company, and so the Court must apply the test of citizenship for LLCs, not that for corporations.  The citizenship of an LLC is determined by the citizenship of each member of the company.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  Eco has submitted a "Business Entity Detail" from the California Secretary of State's website, which states that Eco is a Florida company, (*see* Notice of Removal Exh. C), but Eco has not submitted any evidence from which the citizenship of its members can be determined.

Nor has Eco submitted any evidence that the amount in controversy here exceeds $75,000.  Eco simply asserts that it "has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount."  (Notice of Removal ¶ 15.)  This belief, however, is not accompanied by any specific calculations or, more important, by any declaration or other summary-judgment-type evidence.  And the fact that Ms. Driesen seeks relief on a number of claims does not show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 — conceivably, she could be seeking small sums for each of her claims.

//
//
//
//

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00169-CJC(ANx)                    Date: April 4, 2014
                                                    Page 3

---

    For the foregoing reasons, the Court **REMANDS** this action to Orange County
Superior Court.

jcm

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk MU